■ In the Matter of BERNARD RUDERMAN et al., Appellants, v TOWN BOARD OF THE TOWN OF ROSENDALE et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 21, 1976 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review certain actions of the Town Board of the Town of Rosendale. The petitioners reside on land adjacent to premises owned by the respondent, William Dalton, and they strenuously object to the intention of said Dalton to locate on his premises pits for the dumping of human excrement known as a septic sludge disposal area. Dalton's land was zoned residential and he sought permission to establish the use of septic disposal which apparently would have required an amendment of the zoning laws for such private enterprise. However, as found by Special Term, municipalities are exempt from zoning ordinances in the carrying out of their governmental functions and in particular the disposal of waste (see *Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 742; *Nehrbas v Incorporated Vil. of Lloyd Harbor,* 2 NY2d 190, 193, 195). Following a public hearing the respondent, town board, enacted a resolution which recites that the town has no publicly controlled sewage facilities; that such a facility is an "essential community service"; that a revocable operating permit be issued to Dalton for his premises; and that the permit "is issued to William Dalton alone * * * said William Dalton having full and final responsibility therefor to the town of Rosendale." The resolution specifies various conditions which Dalton must comply with and the permit must be renewed annually or otherwise expire. While the proceedings may have originally taken the form of an application for a special use under the zoning laws, the resolution makes it apparent that the town itself has undertaken to provide the septic disposal area through the device of a permit and with private enterprise as its agent. Upon the present record the petitioners have not demonstrated any error on the part of Special Term. There has been no showing of a failure of due process or of activity subject to the zoning

ordinance. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Mahoney and Herlihy, JJ., concur; Larkin, J., not taking part.